# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**CHRIS KIBODEAUX,**

> **Plaintiff,**

**v.**                                                        Case No.  6:18-cv-1972-Orl-41GJK

**WINTER PARK CARE AND REHAB;**
**SKYLER MELNICK; and ROBIN STEELE,**

> **Defendants.**

_____

# REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 14)** |
| **FILED:** | **February 5, 2019** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED and this case be DISMISSED WITH PREJUDICE**.

On November 16, 2018, pro se Plaintiff Chris Kibodeaux filed a Complaint against Winter Park Care and Rehab, Skyler Melnick and Robin Steele. Doc. No. 1. On November 19, 2018, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs (the "First Motion").  Doc. No. 2.

In the Complaint, Plaintiff alleged that Defendants were limiting his time visiting his mother, she asked them to remove the supervised visitations, and "the facility refuses to do so."

Doc. No. 1 at 4. Under the section for jurisdiction, Plaintiff wrote, "Nursing Home Reform Act." *Id.*

On December 7, 2018, the undersigned issued a Report and Recommendation recommending that the First Motion be denied and that the Complaint be dismissed for failing to state a cause of action (the "First Report and Recommendation"). Doc. No. 5 at 4. The Federal Nursing Home Reform Act does not provide a private cause of action. *McCarthy v. 207 Marshall Drive Operations, LLC*, No. 6:15-CV-2121-ORL-18TBS, 2015 WL 9701089, at *2 (M.D. Fla. Dec. 24, 2015) (collecting cases), *report and recommendation adopted*, No. 6:15-CV-2121-ORL-18TBS, 2016 WL 164306 (M.D. Fla. Jan. 13, 2016). Additionally, the Complaint did not contain a basis for the Court to exercise jurisdiction. Fed. R. Civ. P. 8(a)(1) ("A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ."); 28 U.S.C. §§ 1331, 1332 (setting forth the bases for federal question and diversity jurisdiction in the federal district courts). It was also recommended that Plaintiff be given an opportunity to file an amended complaint. Doc. No. 5 at 4-5.

On December 19, 2018, Plaintiff filed an Amended Complaint and a second Application to Proceed in District Court Without Prepaying Fees or Costs (the "Second Motion"). Doc. Nos. 10, 11. On January 22, 2019, the undersigned issued a Report and Recommendation recommending that the Second Motion be denied and that the Amended Complaint be dismissed, as it was nonsensical and failed to allege a basis for jurisdiction. Doc. No. 12 at 2-3. It was also recommended that Plaintiff be given an opportunity to file a second amended complaint. *Id.* at 3-4.

On February 5, 2019, Plaintiff filed a third Application to Proceed in District Court

2

Without Prepaying Fees or Costs (the "Third Motion") and a second amended complaint (the "Second Amended Complaint"). Doc. Nos. 13, 14. Like the original Complaint, the Second Amended Complaint is based on violations of the Federal Nursing Home Reform Act. Doc. No. 13. Thus, it is recommended that the Third Motion be denied and that the Second Amended Complaint be dismissed.

It is recommended that the Second Amended Complaint be dismissed with prejudice. This is Plaintiff's third attempt to assert a viable claim against Defendants after being provided notice of the previous complaints' deficiencies. Doc. Nos. 5, 12. Any further attempts to amend would be futile. *Lucas v. USAA Cas. Ins. Co.*, 716 F. App'x 866, 870 (11th Cir. 2017) (failure to fix pleading deficiencies by fourth amended complaint demonstrated "that further amendment would be futile."); *Haygood v. Orange Cty. Pub. Sch.*, No. 6:16-CV-2105-ORL-37GJK, 2017 WL 4242035, at *3 (M.D. Fla. Sept. 25, 2017) (dismissing pro se plaintiff's claims against particular defendant with prejudice when plaintiff repeatedly failed "to cure the defects noted in the Court's previous Orders and because she cannot make out a federal cause of action . . . .").

Based on the forgoing, it is **RECOMMENDED** that the Court:

1. **DENY** the Third Motion (Doc. No. 14); and

2. **DISMISS** the Second Amended Complaint with prejudice.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal

conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

     **RECOMMENDED** in Orlando, Florida, on February 22, 2019.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:  Unrepresented party

4